# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3140 | **DATE** | May 25, 2011 |
| **CASE TITLE** | Tylon Hudson (#2009-1120252) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a cognizable federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that correctional officials and maintenance workers at the jail acted with deliberate indifference to the plaintiff's safety by failing to make timely repairs to a leak in his cell; he further alleges that after he slipped and fell in standing water, a nurse "dropped" him into a wheelchair and exacerbated his injuries.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $9.43 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law. The plaintiff's allegations do not rise to the level of a constitutional violation.

## FACTS

The plaintiff alleges that, beginning September 5, 2010, a leak in the ceiling caused water to drip down the plaintiff's cell wall and form a pool of water on the floor. The plaintiff immediately informed the correctional staff; he was told that a work order would be filled, but that the repair might take a day or two because it was not an emergency concern. The plaintiff's request to be relocated to another cell was denied; however, he was given a mop to wipe up the water.

Despite the plaintiff's repeated complaints, the repairs were not made in the ensuing days and correctional officials refused to reassign the plaintiff to another cell. He was only given a mop to clean up the water.

On September 15, 2010, ten days after the plaintiff had first reported the leak, he slipped and fell in a pool of water as he entered his cell because, unknown to him, the leak had become considerably worse. The plaintiff landed on the concrete floor and injured his back.

A nurse who responded to the scene grabbed the plaintiff by the ankles as he lay on the ground; another inmate assisted her in lifting the plaintiff to a wheelchair. The plaintiff was "dropped" into the wheelchair so recklessly that he suffered pain and an "anxiety attack."

The plaintiff was finally moved to another cell only after he was injured.

## DISCUSSION

The facts alleged do not state a cause of action under 42 U.S.C. § 1983. To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Negligence or even gross negligence on the part of correctional officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

It is most unfortunate that the plaintiff was injured when he slipped and fell in water; however, his allegations do not implicate the Constitution. Although wet floors do present a possibility that inmates might slip, the condition of the floor did not rise to the level of a substantial risk of serious harm. A failure to fix the leak did not reflect the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch
**(CONTINUED)**

or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"). Even shocks from exposed wiring have been found to be primarily an easily avoided, "unpleasant inconvenience." *See Morissette v. Peters*, 45 F.3d 1119, 1124 (7th Cir.1995).

As the U.S. Court of Appeals for the Seventh Circuit has explained: "An objectively sufficiently serious risk ... is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously dangerous machinery, or potential attacks by other inmates...." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Carroll v. DeTella*, 255 F.3d 470, 472-73 (7th Cir. 2000). There is an ancient maxim, *de minimis non curat lex*, "the law cares not for trifles." *Ehrlich v. Mantzke*, No. 01 C 7449, 2002 WL 265177, *4 (N.D. Ill. Feb. 25, 2002) (Kocoras, J.). The Constitution does not concern itself with *de minimis* matters.

For the same reasons, the plaintiff's complaint about the way he was picked up and placed in the chair amounts, at most, to negligence or malpractice, but not deliberate indifference to his health, safety, or medical needs. As noted *supra*, negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837. Any cause of action for negligence on the part of jail employees must be brought in state court.

Finally, a municipality cannot be liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) when there is no underlying constitutional violation by a municipal employee. *See, e.g., Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir.) 2010), *citing King v. East St. Louis School Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). The plaintiff has therefore failed to articulate a tenable federal cause of action against Cook County and its former board president.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a final concern, the plaintiff, who is becoming an experienced litigator in this court, is reminded of basic filing requirements: (1) he must provide the court with the original plus a judge's copy of every document filed; and (2) if the plaintiff initiates any new lawsuits, he must provide a sufficient number of copies of the complaint for service on each named defendant.